Memorandum. The order of the Appellate Term should be affirmed. Unlike the situation in People v. Silver (33 N Y 2d 475), recently decided by this court, defendant in this case knowingly and intentionally committed an act which flowed from mental disease or defect. He was, therefore, beyond any doubt, incapable of conforming his conduct to the requirements of law. The standard, however, which would have relieved defendant of criminal responsibility was rejected by the Legislature (cf. Penal Law, § 30.05 with the proposal by the Temporary Commission on Revision of the Penal Law and Criminal Code, Proposed Penal Law of 1964, § 60.05, and American Law Institute’s Model Penal Code, § 4.01 [Proposed Official Draft, 1962]; see Denzer and McQuillan, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 30.05, pp. 48-49, for the legislative history). The Silver case {supra), on the other hand, involved general criminal responsibility rather than a specific symptom of a specific psychosis, as here, and the majority concluded, as a matter of law, that the People failed to establish criminal responsibility beyond a reasonable doubt. The result in this case is unfortunate, but beyond correction by the court.